UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THAMUD ELDRIDGE,

                              Plaintiff,

v.

                                                  Case # 11-CV-6459-FPG

OFFICER KENNEY,
OFFICER SPRINGER,                           DECISION AND ORDER
OFFICER VOGT and
NIAGARA COUNTY SHERIFF,

                              Defendants.

     *Pro se* Plaintiff Thamud Eldridge is an inmate at the Niagara County Jail and brings this action under 42 U.S.C. § 1983, alleging that three officers and the Niagara County Sheriff violated his civil rights. Dkt. #6. One named defendant, the Niagara County Sheriff ("Sheriff"), has moved to dismiss Plaintiff's Amended Complaint as to him under Federal Rule of Civil Procedure 12(b)(6). Because Plaintiff has failed to allege any facts involving the Sheriff that would plausibly entitle him to relief, the motion is granted, and the Niagara County Sheriff is dismissed from this action.

## BACKGROUND

     Plaintiff alleges that he was assaulted by Defendant Officers Kenney, Springer, and Vogt as they were transporting him to the Special Housing Unit on December 2, 2010. Plaintiff further contends that because the Sheriff supervises the three officers, he is liable to Plaintiff for failing to adequately train, supervise, discipline, or control the Officers. Plaintiff further alleges that the Sheriff failed to remedy the violations suffered by Plaintiff after he learned of them through the prison's disciplinary process, and that this occurred because of a policy or custom allegedly maintained by the Sheriff that allowed the alleged constitutional violations to occur.

DISCUSSION

To succeed on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a defendant must show that the complaint contains insufficient facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). A complaint is plausible when a plaintiff pleads sufficient facts that allow the Court to draw reasonable inferences that the defendant is liable for the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility "is not akin to a probability requirement," rather plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quotation marks omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation marks and citation omitted). A pleading that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombley*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557. In considering the plausibility of a claim, the Court must accept factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). At the same time, the Court is not required to accord "[l]egal conclusions, deductions, or opinions couched as factual allegations ... a presumption of truthfulness." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (quotation marks omitted).

Because the Plaintiff is *pro se,* his pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). Accordingly, the Court interprets Plaintiff's pleadings "to raise the strongest arguments that they suggest." *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009).

Nevertheless, all pleadings, regardless of who drafts them, must contain enough facts to give defendants fair notice of the claim and the facts on which it is based. *Twombly*, 550 U.S. at 555.

A complaint alleging a § 1983 violation must contain enough facts to show that the defendant acted under color of state law and that the conduct complained of "deprived the plaintiff of a right guaranteed in the [C]onstitution or laws of the United States." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991). In the case of a supervisory defendant, it is well settled that a supervisor may not be held liable in a § 1983 action on a theory of *respondeat superior*. *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) (citation omitted). Rather, "supervisor liability depends on a showing of some personal responsibility," *Id.*, and the plaintiff must plead sufficient facts to establish the personal involvement of each particular defendant in the alleged violation. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)).

In order to establish the personal involvement of a supervisory official, a plaintiff can demonstrate that: (1) the defendant participated directly in the alleged conduct; (2) the defendant did not remedy a wrong after learning of it through a report or appeal; (3) the defendant formed a policy or custom under which the conduct transpired, or allowed the policy or custom to continue; (4) the defendant's supervision of subordinates who engaged in the conduct was grossly negligent; or (5) the defendant demonstrated deliberate indifference to the rights of inmates by failing to act on information showing that the conduct was occurring. *Colon*, 58 F.3d at 873.

With these standards in mind, I find that the Plaintiff has fallen far short of alleging sufficient facts to demonstrate the Sheriff's personal involvement in the alleged violations. The closest Plaintiff comes to alleging the Sheriff's involvement is found in the Amended Complaint, where Plaintiff recites the fourth *Colon* factor by stating that the Sheriff was "grossly negligent

in managing subordinates…by failing to adequately train, supervise, and in any other way direct or control officers in the exercise of their police duties and functions." Dkt. #6. That statement, devoid of any factual support, contains nothing more than conclusory statements and formulaic recitations of the cause of action, which the Supreme Court has deemed to be insufficient. *See Twombly*, 550 U.S. at 555. Rather than alleging facts that could "nudge[] [his] claims across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570, Plaintiff has instead provided no facts to support his claims against the Sheriff, and as a result, his cause of action against the Sheriff cannot survive.

Even considering allegations made by Plaintiff outside of the Amended Complaint – which I will consider because of the Plaintiff's *pro se* status – Plaintiff fares no better. While Plaintiff's Response to the Sheriff's Motion to Dismiss (Dkt. #15) contains references to the second and third *Colon* factors, they suffer from the same fatal flaw: they contain nothing more than conclusory statements and formulaic recitations of the *Colon* factors and are wholly unsupported by facts. As a result, these allegations are also insufficient and cannot survive the Sheriff's Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, Defendant Niagara County Sheriff's Motion to Dismiss the Complaint as to him (Dkt. #10) is GRANTED. The Clerk of the Court shall terminate the Sheriff as a defendant in this action.

IT IS SO ORDERED.

DATED:   Rochester, New York
         June 16, 2014

_____
HON. FRANK P. GERACI, JR.
United States District Judge