UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THAMUD ELDRIDGE,

                          Plaintiff,

                                                    Case #11-CV-6459-FPG

v.

                                                    ORDER DISMISSING CASE

OFFICER KENNEY,
OFFICER SPRINGER, and
OFFICER VOGT,

                          Defendants.
_____

On January 7, 2015, Plaintiff was ordered to show cause, in writing and before January 21, 2015, why this case should not be dismissed for his failure to advise the Court of his current address. Although the January 7, 2015 Order forewarned Plaintiff that the failure to respond to the Order to Show Cause would result in the dismissal of this action with prejudice pursuant to Fed. R. Civ. P. 41(b), the Plaintiff has failed to respond to the Order in any fashion.

Fed. R. Civ. P. 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)). While a harsh remedy, the rule is "intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload." *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004).

A district court considering a Rule 41(b) dismissal must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*,

768 F.3d 212, 216 (2d Cir. 2014), quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). No single factor is generally dispositive. *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

In this case, the Court has not had any contact with the Plaintiff in over six months. Mail that was sent by the Court to the Plaintiff was returned as "Attempted-Not Known, Unable to Forward" on or about July 7, 2014, as well as on August 6, 2014. Although a court appearance was scheduled before Magistrate Judge Jonathan W. Feldman in August 2014, the Plaintiff failed to appear – likely because the notification of that hearing was returned to the Court as undeliverable. There is also no doubt that the Plaintiff is aware that he must provide his current address to the Court, as the Plaintiff wrote the Court to provide an updated address on December 28, 2013. Dkt. # 17. The Court has attempted to use that address, but those notices were returned. In addition, the Court has not received any communications from the Plaintiff since that letter, which was over one year ago. The Court is therefore unable to communicate with the Plaintiff, and as a result, this case has become dormant.

The Court's Order to Show Cause placed Plaintiff on notice that his failure to respond to the Order would result in the dismissal of this action, yet the Court has not received any response from the Plaintiff. In addition, as of this date, the Order to Show Cause has not been returned to the Court by the United States Postal Service.

Due to the Plaintiff's failure to provide the Court with a current address, and further due to his failure to respond to the Order to Show Cause, this case has been unnecessarily delayed. There is no indication that the Plaintiff will participate in this action going forward, and further delay will certainly prejudice the Defendants. This Court has attempted to balance the need to manage its docket with the Plaintiff's interest in having a fair chance to be heard, but the Plaintiff has made it impossible for the Court to communicate with him. While the Court has given the

Plaintiff an opportunity to comply with the Court's directives and to move this case forward, the Plaintiff has refused to respond, and has taken no action to demonstrate he is attempting to prosecute this case. Since the Plaintiff refuses to respond, there is no sanction less drastic than dismissal that would be effective.

Due to the Plaintiff's failure to provide a current address, and because the Plaintiff has not communicated with the Court in any fashion to explain or correct the noncompliance despite being warned of the consequences of failing to respond, I find that dismissal is appropriate under the facts of this case, and this action is hereby dismissed, with prejudice. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated: Rochester, New York
      January 23, 2015

HON. FRANK P. GERACI, JR.
United States District Judge